UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UCAR TECHNOLOGY (USA) INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YAN LI, et al.,<br><br>Defendants. | Case No. 5:17-cv-01704-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX**<br><br>Re: Dkt. Nos. 47, 54 |

## I. INTRODUCTION

Defendants Yan Li, Hua Zhong, Da Huo and Zhenzhen Kou move to dismiss the sixth claim for unfair competition in the First Amended Complaint ("Complaint"). Defendants also move for reconsideration of the Court's order denying Defendants' earlier filed motion to dismiss the conversion claim.[1] The Court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendants' motions are granted.

## II. BACKGROUND[2]

Plaintiffs UCAR Technology (USA) Inc. and UCAR, Inc. (collectively "UCAR"), one of the largest chauffeured car services providers in China, provide a platform for ride-hailing to

---

[1] By separate order, the Court granted Defendants motion for leave to file a motion for reconsideration. See Dkt. 75. UCAR's contention that Defendants have not satisfied the standard for seeking reconsideration is baseless.
[2] The Background is a summary of the allegations in the Complaint.

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

1

millions of people who use UCAR apps on iPhones and Android-enabled smart phones or use the UCAR website. To advance its technology, especially related to big data analysis, UCAR set up a U.S. subsidiary and hired Defendants as a team of research and development engineers. Complaint, ¶ 1. Over time, the subsidiary began working on technological advances related to auto development of next-generation autopilot technologies. Id. Defendants spent approximately one-and-a-half years and collectively received hundreds of thousands of dollars from UCAR to work on the company's trade secret technology. Id. UCAR also gave Defendants access to its proprietary data. Id. During that time, Defendants transitioned into a new technological field of data analysis and software related to driverless vehicles. Id. UCAR alleges on information and belief that Defendants were secretly setting the stage to steal UCAR's proprietary information and all the work they had done for UCAR in order to set up a competing venture of their own. Id.

In March 2017, UCAR first learned that Defendants were considering leaving the company. Id. On March 14, 2017, Defendants resigned by email. Id. UCAR alleges on information and belief that Defendants took UCAR's trade secrets and intellectual property, copied this information to other computers or copied data to local memory on non-UCAR computers through access to remote servers, and reformatted UCAR's company computers. Id. UCAR alleges that "[w]hen confronted, Defendants effectively admitted that their actions were the product of simple greed: they had learned that if they took UCAR's property, they could obtain tens of millions of dollars of investment, so they did." Id.

UCAR asserts claims for (1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., (2) trade secret misappropriation in violation of California's Uniform Trade Secrets Act (CUTSA), California Civil Code § 3426 et seq., (3) violation of the Computer Fraud and Abuse Act, codified as 18 U.S.C. § 1030, (4) breach of employment agreements, (5) breach of the covenant of good faith and fair dealing, (6) unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., (7) property theft/conversion, and (8) breach of fiduciary duty against Defendant Li. Defendants presently seek dismissal of the sixth and seventh claims.

## III.  STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556–57, 127 S. Ct. 1955.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

## IV.  DISCUSSION

A.  Conversion

Defendants seek reconsideration of the Court's prior order denying their motion to dismiss the claim for conversion of non-trade secret information.  Defendants first contend that the preemptive reach of the CUTSA extends beyond claims based upon the taking of trade secret information to encompass any claims based upon the taking of non-trade secret information. Second, Defendants contend that conversion applies only to tangible property.  Third, defendants

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING
DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX
3

1   contend that UCAR has failed to identify the "information" that was allegedly converted.

2   The CUTSA includes a specific provision concerning preemption. That provision provides in pertinent part:

> (a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets.
>
> (b) This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret.

Cal. Civil Code § 3426.7. The primary authority for Defendants' preemption[3] argument is Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 239 (2010), specifically footnote 22, which states:

> We emphatically reject the Cenveo court's suggestion that the uniform act was not intended to preempt "common law conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant." (Cenveo, supra, 2007 WL 527720 at p. *4.) On the contrary, a prime purpose of the law was to sweep away the adopting states' bewildering web of rules and rationales and replace it with a uniform set of principles for determining when one is—and is not—liable for acquiring, disclosing, or using "information . . . of value." See § 3426.8.) Central to the effort was the act's definition of a trade secret. (See § 3426.1, subd. (d).) Information that does not fit this definition, and is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen. By permitting the conversion claim to proceed on a contrary rationale, the Cenveo court impliedly created a new category of intellectual property far beyond the contemplation of the Act, subsuming its definition of "trade secret" and effectively obliterating the uniform system it seeks to generate.

Id. Although footnote 22 is dicta,[4] the majority of courts in this district have adopted its rationale.

---

[3] Defendants use the term "preempt." Courts analyzing the CUTSA have used the term "preempt" and "supersede" interchangeably. For present purposes, the Court follows Defendants and uses the term "preempt."

[4] Because footnote 22 is dicta, the Court rejects Defendants' contention that it is binding precedent. Nevertheless, it is significant that at least one other California Court of Appeal has cited footnote 22 with approval. See Angelica Textile Servs., Inc. v. Park, 220 Cal. App. 4th 495 (2013), as modified on denial of reh'g (Nov. 7, 2013).

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX
4

See e.g. SunPower Corp. v. SolarCity Corp., No. 12-694 LHK, 2012 WL 6160472, at *5 (N.D. Cal. Dec. 11, 2012) (allowing conversion claim for non-trade secret information "would subvert CUTSA's purpose"); Artec Group, Inc. v. Klimov, No. 15-3449 EMC, 2016 WL 8223346, at *7 (N.D. Cal. Dec. 22, 2016) ("The majority of district courts that have considered Silvaco have held that CUTSA supersedes claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA."); Total Recall Techs. v. Luckey, No. 15-2281 WHA, 2016 WL 199796, at *8 (N.D. Cal. Jan. 16, 2016) ("to the extent Total Recall's claims rely on the alleged misappropriation of Confidential Information, any such claims are superseded by CUTSA"); Avago Techs. U.S. Inc. v. Nanoprecision Prod., Inc., No. 16-3737 JCS, 2017 WL 412524, at *6 (N.D. Cal. Jan. 31, 2017) (dismissing with leave to amend conversion claim where plaintiff had not identified any specific material, document, file or model that had value apart from the confidential information contained therein); but see E-Smart Techs., Inc. v. Drizin, No. 06-5528 MHP, 2009 WL 35228 (N.D. Cal. Jan. 5, 2009) (conversion claim based on misappropriation of business opportunities and tangible items were not preempted).

Here, UCAR's conversion claim is predicated on the following allegations:

> 75. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.
>
> 76. UCAR is the rightful owner of property, including computer data, trade secret and proprietary information, and work product created by Defendants while they were employed by UCAR ("UCAR Property").
>
> 77. On information and belief, Defendants, and each of them, interfered with UCAR's property by at least the following:
>
>   a. Taking possession of the UCAR Property;
>
>   b. Preventing UCAR from having access to the UCAR Property;
>
>   c. Destroying the UCAR property that was on UCAR laptops by reformatting said laptops; and
>
>   d. Refusing to return the UCAR Property when demanded by UCAR.
>
> 78. The wrongful conduct of each Defendant was a direct cause of

harm to UCAR.

79. In addition, Defendants, and each of them, defrauded UCAR by having UCAR fund their efforts and give them access to data on the premise that they would provide UCAR with work product, when in fact, on information and belief, Defendants planned to, and did, abscond with the money, UCAR confidential, trade secret and proprietary information, and the work product to instead start up a competing venture.

80. Had UCAR been informed of the truth, it would not have paid Defendants the money or allowed continued access to UCAR confidential trade secrets or data.

81. Therefore, each Defendant's conduct also constitutes theft under the penal code, including California Penal Code § 496.

82. As a result of Defendants' willful and malicious theft of UCAR Property, UCAR is entitled to treble damages.

Complaint, ¶¶ 76-82.

### 1. Conversion of Trade Secret Information is Preempted

In ruling on Defendants' first motion to dismiss, the Court ordered UCAR to eliminate references to trade secrets in its conversion claim. Despite the Court's order, the references remain in UCAR's amended conversion claim. To the extent UCAR continues to base its conversion claim on trade secret information, the claim is preempted. K.C. Multimedia, Inc. v Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939 (2009).

### 2. Conversion of Intangible, Non-Trade Secret Information is Preempted

To the extent the conversion claim is based upon the misappropriation of unspecified, intangible, non-trade secret "computer data," "proprietary information and work product" the Court holds that the claim is also preempted to preserve consistency with those district court decisions that have followed Silvaco footnote 22. See e.g. SunPower Corp. supra; Artec Group, Inc. v. Klimov, supra; and Total Recall, supra.[5] Intangible information that does not fit the

---

[5] As the court in Total Recall observed, "the preemptive sweep of *Silvaco* is extraordinarily surprising as a development in California law. Nevertheless, it must be respected and applied." Total Recall, 2016 WL 199796, at *7.

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX
6

definition of a trade secret, and is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen. Silvaco, 184 Cal. App. 4th at 239, n. 22.

UCAR contends that it has valuable property rights to the data Defendants erased from the company computers and to other work product. Complaint, ¶¶ 1, 30, 57, 58, 64(c), 69, 72, 76, 77, 79. Specifically, UCAR relies upon Defendants' admission that they downloaded more than 9,200 computer files (containing both trade secret and non-trade secret information). UCAR contends that Defendant Yan Li took the computer files without permission and destroyed them after UCAR demanded their return. UCAR reasons that the destruction of computer files is fundamentally different from misappropriation and therefore not subject to preemption. UCAR's argument is unpersuasive in light of Silvaco's proclamation that non-trade secret information belongs to no one in the absence of a provision of positive law creating a property right in the information. Silvaco,184 Cal. App. 4th at 239, n. 22. UCAR has not identified a provision of positive law creating a property right to the 9,200 computer files.[6] Because UCAR has not established a property right to the non-trade secret information, it makes no difference whether UCAR characterizes Defendants' alleged conduct as the destruction (as compared to the misappropriation) of property.

UCAR next cites to several district court cases for the proposition that the CUTSA preemption "is not as broad as some have suggested." UCAR's Opposition to Motion for Reconsideration ("Opposition"), p. 4. None of the cases, however, addresses whether a

---

[6] The Court previously relied upon Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003) for the proposition that intangible property may be the subject of a claim for conversion. The Kremen decision, however, is not a "provision of positive law" that creates a property interest in intangible property and therefore does not save UCAR's claim from preemption after Silvaco. Waymo LLC v. Uber Technologies, Inc., 256 F. Supp. 3d 1059, 1063-64 (N.D. Cal. 2017). UCAR's citation to Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202 (2014), is unavailing for the same reason. In Welco, the court held that a credit card and number are forms of intangible property that may be the subject of a claim for conversion. The Welco court reasoned that the plaintiff "had a property right in its credit card account because plaintiff's interest was specific, plaintiff had control over its credit card account, and plaintiff had an exclusive claim to the balance in the account." Id. at 211. Welco is not a "provision of positive law" that creates a property right.

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

conversion claim based on intangible non-trade secret information is preempted after Silvaco. In TMX Funding, Inc. v. Impero Technologies, Inc., No. 10-202 JF, 2010 WL 2509979, at *5 (N.D. Cal. June 17, 2010), the court held that the plaintiff could continue to pursue his tort claim(s) "so long as the confidential information at the foundation of the claim is not a trade secret, as that term is defined in [the UTSA]." The TMX case, which was decided the same year as Silvaco, does not cite to or discuss Silvaco. In Strayfield Ltd. v. RF Biocidics, Inc., No. 11-2631 LKK/GGH, 2012 WL 170180, at 1(E.D. Cal. Jan. 19, 2012), the court held that the CUTSA does not preempt common law misappropriation and unfair competition claims "that pertain to intellectual property other than trade secrets." The Strayfield court did not cite to or discuss Silvaco. In PQ Labs, Inc. v. Yang Qi, No. 12-450 CW, 2012 WL 2061527, at *5 (N.D. Cal. June 7, 2012), the court examined a claim for conversion of tangible property, a touch screen monitor, and is thus factually distinguishable. The Strayfield court also did not cite to or discuss Silvaco.

Several of the cases relied upon by UCAR do not involve a claim for conversion, and therefore do not provide authority for UCAR's conversion claim. UCAR relies on Integral Dev. Corp. v. Tolat, 675 F. App'x 700, 704 (9th Cir. 2017), a post-Silvaco decision. In Tolat, the plaintiff asserted, among other things, a claim for breach of fiduciary duty based upon the disclosure of confidential information to a competitor. The court held that the claim was not preempted by the CUTSA because the claim had a basis independent of any misappropriation of a trade secret. Similarly, in Banawis-Olila v. World Courier Ground, Inc., No. 16-00982 PJH, 2016 WL 6563354, at *3 (N.D. Cal. Nov. 4, 2016), the court held that a claim for breach of loyalty was not preempted because the claim had "nothing to do with the misuse of confidential information, whether a trade secret or not." In Leatt Corp. v. Innovative Safety Tech., LLC, No. 09-1301 IEG, 2010 WL 2803947, at *6 n. 5 (S.D. Cal. July 15, 2010), the court held that plaintiff's claims for unfair competition and tortious interference were not preempted to the extent they depended upon misappropriation of otherwise confidential or proprietary, but not trade secret, information as well as upon knowledge of plaintiffs' prospective business relations. The Integral, Banawis-Olila,

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

8

Leatt and Zayo decisions are thus factually and legally distinguishable and do not provide support for UCAR's conversion claim here.[7]

### 3. Conversion of Tangible, Non-Trade Secret Property

To the extent the conversion claim is based upon tangible, non-trade secret property, UCAR's claim is not necessarily preempted.  See Angelica, 220 Cal. App. 4th at 508 ("the documents Park took with him when he left Angelica . . . were still tangible property and therefore the proper subject of a conversion claim").  For example, a conversion claim may be based upon the theft of a "work computer."  Loop AI Labs, Inc. v. Gatti, No. 15-00798 HSG, 2015 WL 5158461, at *3 (N.D. Cal. Sept. 2, 2015) ("No reasonable application of CUTSA's savings clause precludes a cause of action based on an employee's alleged theft of a piece of tangible property.").  A claim for conversion of tangible property such as documents, computer disks, or physical models survives preemption if the tangible property has value apart from the information the property embodies.  See  Avago Techs. U.S. Inc. v. Nanoprecision Prod., Inc., No. 16-3737 JCS, 2017 WL 412524, at *7 (citing Mattel, Inc. v. MGA Entm't, Inc., 782 F. Supp. 2d 911, 997 (C.D. Cal. 2011)).

UCAR contends that the conversion claim is predicated upon the taking of several items of tangible property.  More specifically, UCAR contends that Defendants took two UCAR badges, a USB drive shaped like a car, two cell phones, two access cards for the UCAR office in Beijing, one key to a residence rented by UCAR that was used for visiting employees, a metal plate that is used to mount a computer on a wall, and seven documents.  UCAR's Opposition, p.2.  These items of tangible property, however, are not referenced in the Complaint and will not be considered.  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998).

### Whether Preemption Should be Decided At the Pleading Stage

UCAR argues that preemption requires a fact-based inquiry better suited for summary

---

[7] Zayo Group LLC v. Hisa, No. 13-752 JST, 2013 WL 12201401 (C.D. Cal. Sept. 17, 2013) also did not include a claim for conversion of intangible, non-trade secret information.

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX
9

judgment than a motion to dismiss, citing United States Legal Support, Inc. v. Hofioni, No. 13-1770 LKK, 2013 WL 6844756, at *11 (E.D. Cal. Dec. 20, 2013), Bryant v. Mattel, Inc., No. 04-9049 DOC, 2010 WL 3705668, at *22 (C.D. Cal. Aug. 2, 2010), and Amron Intern. Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc., No. 11-1890 H (JMA), 2011 WL 5025178, at *10 (S.D. Cal. Oct. 21, 2011) ("At this point in the case, the status of the information is merely a matter of allegation and until the distinction is made between [plaintiff's] allegedly misappropriated trade secret information and its confidential or non-confidential proprietary non-trade secret information, the question of preemption should not be addressed."). Although in some circumstances it may be prudent to defer ruling on preemption, Defendants' motion in this case presents a fundamental legal issue suitable for disposition on the pleadings.

B.  Unfair and Unlawful Business Practices Claim

The Court previously dismissed the unfair and unlawful business practices claim with leave to amend and directing UCAR "to eliminate the trade secret misappropriation allegations and to set forth more clearly a basis for the claim that is beyond the scope of CUTSA preemption." Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss; Granting Plaintiffs' Motion to Dismiss Counterclaims at 10:12-13. The amended claim now reads as follows:

> 71. Plaintiff re-alleges and incorporates the allegations of paragraphs 1, 3-27, 29-30, 55-70 of this Complaint as if fully set forth herein.
>
> 72. The conduct alleged herein by each and every Defendant constitutes unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. Instead of performing their duties as employees and providing work product to UCAR in exchange for paid salaries, on information and belief, each Defendant denied UCAR access to work product along with other UCAR confidential and proprietary information by improperly reformatting the UCAR provided laptops, thus destroying all information contained therein, breached their respective employment agreements to the direct detriment of UCAR, and impaired UCAR's access to its servers and the work product contained therein. Each of these acts independently constitutes an unfair or unlawful business practice in violation of the statute.
>
> 73. On information and belief, Defendants knew that by destroying UCAR's confidential information without its express permission for

> the benefit of a new competing business enterprise they themselves set up, they were engaging in unfair business practices in violation of California law, including in violation of California Civil Code §§ 3426 et seq.
>
> 74. As a direct result of these concerted actions, UCAR has suffered monetary, competitive and irreparable harm.

Complaint, ¶¶ 71-74. Defendants contend that the unfair competition claim is preempted by the CUTSA. Defendants also contend that the claim must be dismissed because (1) UCAR has not lost money or property and therefore lacks standing to assert a UCL claim and (2) UCAR has not identified an antitrust injury.

The Unfair Competition Law ("UCL") prohibits business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200. "Its purpose 'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" Kwikset v. Super. Ct., 51 Cal. 4th 310, 320 (2011) (quoting Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002)). Two of the UCL's three "prongs" are relevant to UCAR's claim. The first is the "unlawful" prong, which "borrows violations of other laws and treats them as independently actionable." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 (2006). "Virtually any law—federal, state or local—can serve as a predicate for an action" under the UCL's unlawful prong. Smith v. State Farm Mut. Ins. Co., 93 Cal. App. 4th 700, 718 (2001). The second is the "unfair" prong. An "unfair" business practice is "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163 (1999). The UCL authorizes a private cause of action for a person who "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; see also Californians for Disability Rights v. Mervyn's LLC, 39 Cal. 4th 223, 227 (2006) (after Proposition 64, a private person has standing to sue only if he or she has suffered injury in fact and has lost money or property as a result of unfair competition); Falkenberg v. Alere Home

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

11

Monitoring, Inc., No. 13-341 JST, 2014 WL 5020431, at *4 (N.D. Cal. Oct. 7, 2014) (Proposition 64, in effect, added a requirement that a UCL plaintiff's "injury in fact" specifically involve "lost money or property"); Law Offices of Mathew Higbee v. Expungement Assistance Services, 214 Cal. App. 4th 544 (2013) (applying Proposition 64 standing requirement to lawsuit brought by competitor).

### Preemption

In paragraph 73 of the Complaint quoted above, UCAR refers to California Civil Code §§ 3426 *et seq.*, the CUTSA, as a basis for its unfair competition claim. In response to Defendants' motion, UCAR explains that it inadvertently failed to delete the reference. The reference to the CUTSA is ordered stricken.

### Standing

UCAR asserts that its UCL claim is based on violations of the federal Computer Fraud and Abuse Act or the Defend Trade Secrets Act. UCAR's Opposition, p.5. For the reasons set forth below, UCAR has failed to plead standing to assert either an unlawful or unfair competition claim under the UCL.

UCAR alleges in paragraph 72 of the Complaint that Defendants (1) breached their employment agreements, (2) denied UCAR access to work product and other UCAR confidential and proprietary information by improperly reformatting UCAR laptops, and (3) impaired UCAR's access to its servers and the work product contained therein. None of these alleged losses are compensable under the UCL. As an initial matter, UCAR has not alleged an antitrust injury, i.e. harm to competition, which is distinct from harm to a competitor. On this basis alone, the "unfair" competition claim is subject to dismissal. See Total Recall, 2016 WL 1070656, at *5. Furthermore, "a common law violation such as breach of contract is insufficient" to support a claim for "unlawful" business practices under the UCL. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010).

To the extent the UCL claim is based upon alleged "lost" work product, confidential and

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

proprietary information that was erased from UCAR's laptops, this "lost" information does not support a UCL claim.  As noted earlier, information that is not a trade secret, and that is not otherwise made property by some provision of positive law, belongs to no one and cannot be converted or stolen.  Silvaco, 184 Cal. App. 4th at 239, n. 22.  Assuming for the sake of argument that the work product, confidential and proprietary information at issue is property, UCAR has not "lost" that property because it was maintained on the Amazon Web Services ("AWS") server,[8] and UCAR acknowledged during the preliminary injunction hearing that issues regarding access to the AWS and the Phabricator server have been resolved.  Dkt. 41 at 2 n. 2.[9]

In Silvaco, the court explained that for purposes of the UCL, when someone has "lost" property, "he has parted with some particular item of property he formerly owned or possessed; it has ceased to belong to him, or at least has passed beyond his control or ability to retrieve it."  Silvaco, 184 Cal. App. 4th at 244.  Applying Silvaco, the court in Claridge v. RockYou, Inc., 785 F. Supp. 2d 855, 862 (N.D. Cal. 2011), dismissed plaintiff's UCL claim finding that the plaintiff had not "lost" his personal identifiable information, namely his "email addresses, passwords, and login credentials for social networks like MySpace and Facebook," because they did not cease to belong to him or pass beyond his control.  Here, UCAR similarly has not "lost" the information at issue because access to the AWS and Phabricator servers has been resolved. Even if UCAR lost copies of the files and information on Defendants' laptops, UCAR did not lose the information or files themselves.  Lastly, UCAR contends that the "impaired" access to UCAR's servers is a compensable "loss."  The alleged impaired access, however, was only temporary; the information did not cease to belong to UCAR or pass beyond its control.[10]

---

[8] Complaint, ¶ 27.

[9] UCAR's representations during the preliminary hearing are binding judicial admissions.  See Petrochem Insulation, Inc. v. N. California & N. Nevada Pipe Trades Counsel, No. 90-3628 EFL, 1991 WL 158701, at *4 (N.D. Cal. Apr. 30, 1991) (citing American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir. 1988)); United States v. Crawford, 372 F.3d 1048, 1055 (9th Cir. 2004).  Judicial admissions may be considered by the court when ruling on a motion to dismiss.  Morton & Bassett, LLC v. Organic Spices, Inc., No. 15-1849 HSG, 2016 WL 4608213, at *5 (N.D. Cal. Sept. 6, 2016).

[10] UCAR contends that even if the files erased from the laptops were restored, the state in

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX

V.  CONCLUSION

For the reasons set forth above Defendants' motion for reconsideration and motion to dismiss are GRANTED.  The conversion claim and UCL claim are DISMISSED.  Pursuant to Fed. R. Civ. P. 15(a)(2), UCAR is granted leave to amend consistent with this opinion.  If UCAR elects to file an amended complaint, UCAR is prohibited from reasserting any of the allegations that have been stricken herein or from asserting any theories of liability or recovery described as contrary to law herein.  UCAR may file and serve a second amended complaint no later than June 18, 2018.

**IT IS SO ORDERED.**

Dated: June 4, 2018

_____
EDWARD J. DAVILA
United States District Judge

---

which Defendants left the files rendered then unusable.  UCAR's Opposition, p. 8.  UCAR also contends that Defendants erased files that resided only on the laptops and that Defendants "may have retained or otherwise had in their possession other UCAR information."  UCAR's Opposition, p.3; see also p.7.  These allegations are not in the complaint and will not be considered in deciding the instant motion to dismiss.  Schneider, 151 F.3d at 1197, n.1.  Even if UCAR were to add these allegations to a second amended complaint, however, they would be insufficient to support a UCL violation in light of Silvaco.

Case No.: 5:17-cv-01704-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' JOINT MOTION TO DISMISS CLAIM SIX
14